IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTINA CARDENAS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ILLINOIS VEHICLE INSURANCE AGENCY, L.L.C,<br><br>        Defendant. | <br><br><br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Cristina Cardenas, by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint against Defendant Illinois Vehicle Insurance Agency, L.L.C. ("Illinois Vehicle"), states as follows:

### NATURE OF ACTION

1. This is a class and collective action brought on behalf of current and former Insurance Agents (the "putative class") who were paid on a salary basis and classified as exempt employees by Defendant Illinois Vehicle, who worked over forty (40) hours in any work week and were not paid at an overtime rate of pay, in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Cardenas also brings a single-plaintiff action for damages and injunctive relief against Defendant for unlawful interference with Plaintiff's rights and retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (right of action under the FLSA), and 29 U.S.C. § 2617 (right to civil action by employees under the FMLA).

4. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facilities located in and around Cook County. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Cardenas is an adult resident of Joliet, Illinois. She has worked as an Insurance Agent for Defendant from 1994 through May 2015.

7. Plaintiff brings this FLSA and IMWL action on behalf of a putative class of similarly-situated individuals, namely, all persons who worked as Insurance Agents and were not paid at an overtime rate for hours they worked in excess of forty (40) in at least any one workweek during the relevant statutory period.

8. Plaintiff and the members of the putative class are "employees" of Defendant within the meaning of the FLSA and IMWL.

9. Plaintiff was an "eligible employee" of the Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

10. Defendant Illinois Vehicle is an Illinois corporation, headquartered in Oakbrook Terrace, Illinois. Illinois Vehicle does business in Illinois, operates facilities in Illinois, and is registered with the Illinois Secretary of State.

11. Defendant is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

13. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

## STATEMENT OF FACTS

14. Plaintiff began working as an Insurance Agent for the Defendant in 1994. Throughout her employment, Cardenas performed her job satisfactorily.

15. Insurance Agents for Defendant, including Plaintiff, performed a variety of tasks including selling insurance policies, answering phones, and otherwise servicing existing and new customers' needs.

16. Insurance Agents for Defendant, including Plaintiff, were paid on a salary basis and did not earn any type of overtime payment if and when they worked in excess of forty (40) hours per week.

17. Illinois Vehicle has approximately forty (40) locations throughout the Chicagoland area.

18. Illinois Vehicle employs 1-3 full-time Insurance Agents at each of its locations.

19. Full-time Insurance Agents work from a specific office location, and in addition to their salaries are eligible for a monthly bonus based on their location's budget performance.

20. The Defendant's offices are divided into approximately 3-4 districts.

21. In each district, Defendant employs approximately 4 "floater" Insurance Agents.

22. Floaters are not assigned work in any one specific location; instead, they must work on an as-needed basis at various locations throughout their district.

23. Because floaters do not have a specific office location, they are not eligible for the monthly bonus payment that full-time Insurance Agents earn as described above.

24. For the vast majority of her time with the Defendant, Plaintiff worked as a full-time Insurance Agent from the office located at 1105 W. Jefferson St., Joliet, IL 60435.

25. Defendant's location at 1105 W. Jefferson St. in Joliet is located very close to Plaintiff's home in Joliet.

26. Plaintiff worked between 40-45 hours per week during each week that she was employed by the Defendant.

27. The putative class members each worked in excess of 40 hours per week during their employment with the Defendant during the timeframe including the three (3) years preceding the filing of this Complaint.

28. The Defendant accurately recorded the Plaintiff's and putative class members' hours of work via their computerized timekeeping system.

29. Neither Plaintiff nor any putative class member was paid any type of overtime rate (i.e., at least one and one-half the regular rate of pay) for hours worked in excess of forty (40) hours per week.

30. Defendant knew or should have known about its obligations to pay its Insurance Agents at an overtime rate for any hours worked in excess of forty (40) per workweek.

31. In the year prior to December 2014, Cardenas worked for Defendant on a full-time basis at its 1105 W. Jefferson Street, Joliet location, and had worked more than 1,250 hours.

32. Defendant employs more than 50 employees within a 75-mile radius of Plaintiff's Joliet workplace.

33. In December 2014, Cardenas took time off in order to have a surgical procedure. She was granted FMLA leave in order to take time off for her surgery and recovery.

34. Plaintiff was scheduled to return to her full-time Insurance Agent position on January 26, 2015.

35. Approximately one week prior to her scheduled return to work, Defendant contacted Plaintiff and informed her that it had removed from her full-time position in Joliet, and placed instead to work as a floater in her district.

36. As a floater, Plaintiff was no longer eligible for the monthly bonus payments based on her Joliet location's budget performance.

37. As a floater, Plaintiff's commute was significantly longer, and posed an extreme inconvenience and burden on Plaintiff.

38. The Defendant places full-time Insurance Agents into floater positions as a way to punish them and/or force them out.

39. After trying to work as a floater for several months, Plaintiff had no choice but to leave her job at Illinois Vehicle, due to the unsustainable burden placed upon her as a result of her reassignment to a floater position upon return from her leave.

## CLASS ALLEGATIONS

40. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class:

> All persons who (1) worked as Insurance Agents for Defendant (2) during the period of time including the three years preceding the filing of this Complaint, who (3) worked over forty (40) hours per week in any given week and (4) were

not paid at least one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week.

41. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers between eighty and one hundred and twenty individuals over the statutory timeframe.

42. Common issues of law and fact predominate the claims of the entire putative class. Specifically, all claims are predicated on a finding that Defendant misclassified its Insurance Agents as exempt employees when they were non-exempt from the overtime provisions of state law, and that these employees worked overtime hours without receiving any type of overtime premium pay. In short, the claims of the named Plaintiff are identical to the claims of the class members.

43. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

44. Plaintiff will fairly and adequately represent and protect the interests of the putative class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

45. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
## FAIR LABOR STANDARDS ACT
**(Collective Action)**

46. The Plaintiff re-states and incorporates paragraphs 1-45 as though fully set forth herein.

47. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Cardenas and all putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

48. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. The Plaintiff attaches as Exhibits A, her Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

49. All past and present employees of Defendant who performed non-exempt work as Insurance Agents and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Plaintiff, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all putative class members.

50. Defendant's failure to pay overtime wages for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

51. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

52. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

53. The members of the putative class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Cristina Cardenas, on behalf of herself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

    b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

    c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

    e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

    f) Awarding such additional relief as the Court may deem just and proper.

### COUNT II
### ILLINOIS MINIMUM WAGE LAW
### (Class Action)

54. The Plaintiff re-states and incorporates paragraphs 1-45 as though fully set forth herein.

55. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay the Plaintiff and putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

56. Pursuant to the IMWL, for all weeks during which the Plaintiff and the putative class members worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

57. Defendant violated the IMWL by failing to compensate the Plaintiff and the putative class members with overtime wages all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Cristina Cardenas, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III – FMLA INTERFERENCE
### (Individual Claim)

58. Plaintiff restates and incorporates Paragraphs 1 through 39 as though fully set forth herein.

59. The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

60. Defendant interfered with Cardenas' rights under FMLA by its failure to reinstate her to a position with the equivalent terms and conditions of employment.

61. Because Defendant transferred Plaintiff to a floater position instead of returning her to work at her previous Joliet worksite, Plaintiff's commuting time increased by over an hour each way.

62. Because Defendant transferred Plaintiff to a floater position instead of returning her to work at her previous Joliet worksite, Plaintiff lost the opportunity to earn bonus income.

63. As a result of Defendant's interference, Plaintiff lost income.

64. As a result of Defendant's interference, Plaintiff was forced to leave her employment with Defendant.

WHEREFORE, Plaintiff Cristina Cardenas respectfully requests that this Court enter an order as follows:

a) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

b) Enjoining and permanently restraining these violations of the FMLA;

c) Awarding Plaintiff back wages and lost benefits due to Defendant's violation of the FMLA;

d) Awarding Plaintiff front pay;

e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

f) Awarding Plaintiff injunctive relief;

g) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

h) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT IV – FMLA RETALIATION
### (Individual Claim)

65. Plaintiff restates and incorporates Paragraphs 1 through 39 as though fully set forth herein.

66. The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

67. Defendant retaliated against Cardenas by transferring her to a floater position as a way to punish her and/or force her out for having exercised her right to FMLA leave, in violation of the FMLA.

68. Defendant retaliated against Cardenas by forcing her to leave her employment with the Defendant.

WHEREFORE, Plaintiff Cristina Cardenas respectfully requests that this Court enter an order as follows:

a) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

b) Enjoining and permanently restraining these violations of the FMLA;

c) Awarding Plaintiff back wages and lost benefits due to Defendant's violation of the FMLA;

d) Awarding Plaintiff front pay;

e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

f) Awarding Plaintiff injunctive relief;

g) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

h) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

**Plaintiff requests a trial by jury**

Dated: December 16, 2015                              Respectfully submitted,

Alejandro Caffarelli, #06239078                       CRISTINA CARDENAS, individually and on
Lorrie T. Peeters, #06290434                          behalf of all others similarly situated,
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.                          By: /s/ Alejandro Caffarelli
224 N. Michigan Ave., Ste. 300                             Attorney for the Plaintiff
Chicago, IL 60604
Tel. (312) 763-6880

12