THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTINA CARDENAS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 15-cv-11326 |
| v. | |
| ILLINOIS VEHICLE INSURANCE AGENCY, L.L.C, | **Magistrate Judge Sidney Schenkier** |
| Defendant. | |

## ORDER TO PRELIMINARILY APPROVE A CLASS ACTION SETTLEMENT, APPROVE NOTICE PLAN AND SETTING FINAL APPROVAL HEARING

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled *Cristina Cardenas v. Illinois Vehicle Insurance Agency, LLC*, United States District Court for the Northern District of Illinois Case No. 15-cv-11326 (the "Action"). The Action was brought by plaintiff Cristina Cardenas ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Illinois Vehicle Insurance Agency, LLC ("IVIA" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.      Scope of Settlement. The Agreement resolves all claims alleged in the Class Action Complaint filed in the Northern District of Illinois on December 16, 2015. See D.E. 1.

4.      Preliminary Approval of Proposed Agreement. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 1 and 2 to the Agreement, as amended), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement, as modified by the parties' stipulation that FLSA claims are not waived by any putative class member who fails to submit a claim form.

5.      Class Certification for Settlement Purposes Only. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons who (1) worked as Insurance Agents, Mentor Agents and Floater Agents for Defendant in the State of Illinois (2) during the period of time from December 16, 2012 through March 4, 2016, who (3) worked over forty (40) hours per week in any given week and (4) were not paid at least one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week.

6.      In connection with this conditional certification, the Court makes the preliminary findings:

a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

c. Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

d. Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

e. For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

f. For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representative</u>. The Court appoints Plaintiff, Cristina Cardenas, to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Caffarelli & Associates Ltd. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 10 a.m. on November 9, 2016, in Courtroom 1843 of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied

by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.

10.     Fee Petition.  No later than October 5, 2016, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff.  Defendant's response is due within fourteen (14) days, by October 19, 2016.  Plaintiff's reply is due within seven (7) days, by October 26, 2016, which is fourteen (14) days prior to the Final Approval Hearing.

11.     Motion for Final Approval Hearing and Response to Objections.  No later than October 26, 2016, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

12.     Settlement Claims Administrator. Alejandro Caffarelli and the law firm of Caffarelli & Associates Ltd. is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

13.     Class Notice. The Court approves the proposed plan for giving notice to the Settlement Class directly as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Defendant has provided the Class List to the Claims Administrator.  The Court directs the Claims Administrator and IVIA to provide Class Notice to the Settlement Class in accordance with the Agreement by August 12, 2016 (the "Notice Deadline").

14.     The Claims Administrator will file with the Court by no later than October 26, 2016, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

15.     Opt-Out and Objection Deadline. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by September 26, 2016, which is forty-five (45) calendar days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

16.     Exclusion from the Settlement Class. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must include: (i) the person's full name, address and email address, (ii) the statement: "I request to be excluded from the settlement in the Cardenas action," and (iii) the requesting person's signature.  No request for exclusion will be valid unless all of the foregoing information is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

17.     The Claims Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

18.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

19.     All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

20.     Objections to the Settlement. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to: Claims Administrator and Class Counsel Alejandro Caffarelli, Caffarelli & Associates Ltd., 224 S. Michigan Ave., Suite 300, Chicago, Illinois 60604. In connection with an objection, the Settlement Class Member must (a) be signed by the objector; (b) state the grounds for the objector's specific objections, (c) include copies of papers, briefs, or other documents upon which the objection is based, and (d) identify any documents the objector wishes the Court to consider. Any Settlement Class Member who intends to appear and object at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court. The Court will not consider an objection unless the objection includes all of the foregoing information.

21.     Any Settlement Class Member who fails to comply with Paragraph 20 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement

6

Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

22.     Stay of Other Proceedings. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

23.     Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

24.     No Admission of Liability. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by IVIA, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly

7

or indirectly, in any way, whether in the Action or in any other action or proceeding,
except for purposes of demonstrating, describing, implementing or enforcing the terms
and conditions of the Agreement, this Order and the Final Approval Order.

25.     Reasonable Procedures to Effectuate the Settlement. Counsel are hereby
authorized to use all reasonable procedures in connection with approval and
administration of the Settlement that are not materially inconsistent with this Order or the
Agreement, including making, without further approval of the Court, minor changes to
the form or content of the Class Notice and Claim Form and other exhibits that they
jointly agree are reasonable and necessary. The Court reserves the right to approve the
Agreement with such modifications, if any, as may be agreed to by the Parties without
further notice to persons in the Settlement Class.

IT IS SO ORDERED.

Dated: 08-02-16

Hon. Sidney Schenkier
United States Magistrate Judge

8