# Amended Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRISTINA CARDENAS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ILLINOIS VEHICLE INSURANCE AGENCY, L.L.C,

Defendant.

Case No. 15-cv-11326

Magistrate Judge Schenkier

DECLARATION OF MARIELA CANO

Mariela Cano, being first duly sworn on oath, deposes and states under penalty of perjury the following is true and correct:

1. I am employed by Caffarelli & Associates, Ltd., the Class Counsel in this matter. I have worked for Alejandro Caffarelli for 8 years, and my current job title is Administrative Assistant. Our office is located at 224 S. Michigan Ave., Ste. 300, Chicago, IL 60604. My telephone number is (312) 763-6880. I am over twenty-one years of age and authorized to make this declaration on behalf of Caffarelli & Associates Ltd. and myself.

2. All of the facts stated herein are true and correct, and are within my personal knowledge.

3. On August 2, 2016, the Court in the above-captioned matter entered an order to preliminarily approve the class settlement and notice plan. (D.E. 52.) As part of that order, the Court appointed Class Counsel as the Claims Administrator in this case. (Id. ¶ 12.)

4. As Claims Administrator, our duties have included assisting Mr. Caffarelli with: (a) printing and mailing of the Notice of Class Action and Proposed Settlement and Claim Form,

IRS W-4 Form, and IRS W-9 Form ("Notice Packet"); (b) printing and mailing a second round of individual notices to any person on the Class List who did not respond to the initial notice within 21 days after the notice deadline; (c) receipt of undeliverable Class Notices; (d) receipt and validation of Claim Forms and Requests for Exclusion; (e) calculation of claim payments; (f) coordination with IVIA of payment to participating Class Members; (g) skip tracing addresses for any returned checks; and (h) answering questions from Class Members.

5. On or about the week of August 8, IVIA's counsel identified the Class Members and provided us a mailing list ("Class List") containing each Class Member's name, last known address, and underlying employment information during the class period, along with each class members' projected *pro-rata* recovery based upon the employment information and formula contained in the parties' Settlement Agreement, assuming 100% participation. The Class List contained data for 139 Class Members.

6. On August 12, 2016, I mailed the Notice Packets, which had been approved by the Court, to each of the Class Members pursuant to the information provided in the Class List, via First Class mail. The Class Notice advised Class Members they could submit a request for exclusion post-marked on or before September 26, 2016, or a Claim Form post-marked on or before September 26, 2016. The Class Notice further informed Class Members that they could object to the Settlement by September 26, 2016. The Claim Form was enclosed with the Class Notice, and they are attached here as **Exhibit A**.

7. Shortly after this initial filing, we became aware of six other individuals who should have been included in the initial calculations and mailing, and who should have received the Notice Packet however were not included on the Class List initially provided by IVIA's counsel. After the parties' counsel agreed regarding a course of action to increase the fund to

account for these additional class members by contributing an equal amount from IVIA and by a reduction in Class Counsel's fee request, I mailed Notice Packets to each of these individuals at least one month prior to the claim deadline of September 26, 2016. The projected minimum recovery in these additional Notice Packets was calculated based upon the same formula identified in the Settlement Agreement, which increased the class fund based upon the agreement between Class Counsel and IVIA.

8. In total, Notice Packets were mailed to 145 potential Class Members contained in the Class List and identified shortly after the initial mailing.

9. From the initial mailing, approximately ten Notice Packets were returned by the post office as undeliverable. I re-mailed those with a forwarding address. For those without forwarding addresses, I performed a skip trace on all of these addresses by using Accurint, a skip trace service provided by LEXIS/NEXIS. I utilized the Class Member's name and previous address for locating a current address. Seven Notice Packets were re-mailed to either a newfound address, with forwarding addresses provided by the United States Postal Service or at the request of the Class Member. Ultimately, after additional searches, three were undeliverable and were unable to be located because despite a thorough search I was unable to find a current address or otherwise locate the individual.

10. Caffarelli & Associates Ltd. is responsible for the receipt of all Claim Forms. By the claims deadline, and including one late claim that the parties mutually agreed to accept, we have received a total of 122 completed Claim Forms. The 122 claims received represent 81.14% of the Settlement Class. However, most of the approximately two dozen individuals who failed to file claims had relatively minor *pro rata* shares of the allocated Settlement Fund – which means that even though the *per capita* claims rate is only 84.14%, the effective claims rate based

on each participating claimant's *pro rata* share identified in the class notices is 98.84% of the increased Fund allocated for settlement proceeds.

11. As of this date, we have received no requests for exclusion.

12. As of this date, we have received no objections to the Settlement.

10-26-16
Date

MARIELA CANO

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CRISTINA CARDENAS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 15-cv-11326 |
| v. | |
| ILLINOIS VEHICLE INSURANCE AGENCY, L.L.C, | Hon. Magistrate Judge Sidney Schenkier |
| Defendant. | |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

***THIS NOTICE IS TO INFORM YOU OF A PENDING CLASS ACTION AND A PROPOSED SETTLEMENT AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS CONCERNING THE SETTLEMENT AS A POTENTIAL CLASS MEMBER.***

***YOUR PORTION OF THE SETTLEMENT IS CALCULATED TO BE AT LEAST [INSERT AMOUNT], BUT ONLY IF YOU SIGN AND RETURN THE CLAIM AND TAX FORMS.***

***IF YOU WISH TO RECEIVE YOUR PORTION OF THE CLASS SETTLEMENT PROCEEDS, YOU MUST COMPLETE AND RETURN THE CLAIM FORM BY SEPTEMBER 26, 2016.***

**TO: [Insert Name and Address]**

**RE: Settlement of Claims for Alleged Unpaid Overtime Wages**

This Notice explains the nature of the lawsuit and the settlement terms and informs you of your legal rights and obligations. This is not a notice of a lawsuit against you. A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.

**A. WHAT THIS LAWSUIT IS ABOUT:** This action (the "Lawsuit") is pending in the United States District Court for the Northern District of Illinois. The lawsuit alleges violations of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and seeks back payment for non-payment of overtime wages. Specifically, the Class Representative, Cristina Cardenas, on behalf of class members alleged that Illinois Vehicle Insurance Agency, LLC ("IVIA") incorrectly classified Insurance Agents as 'exempt' from receiving an overtime rate of pay when they worked more than forty (40) hours in an individual workweek. The lawsuit claims that Insurance Agents were entitled to be paid time-and-one-half their regular hourly rate ("overtime rate") for all hours worked in excess of forty (40) hours



in an individual workweek during the time period of December 17, 2012 through March 4, 2016 ("Class Period"). IVIA has denied and continues to deny the allegations in the Lawsuit and contends that its policies and practices regarding compensation were proper and in compliance with the laws at all times. IVIA does not admit to any wrongdoing or liability but wishes to resolve this litigation and provide for additional compensation to current and former employees through this settlement rather than expending additional funds on litigation.

B. **THE PROPOSED SETTLEMENT:** The Parties have agreed that the Defendant will pay a total of **$510,000** into a Settlement Fund inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, administration costs/translation costs and attorneys' fees. Each class member shall be allocated a proportionate share of the Settlement Fund after the Settlement Fund has been reduced by (1) court-approved attorneys' fees and costs; (2) a court-approved incentive service awards to the class representative Cristina Cardenas; and (3) administrator/translation fees and costs.

1. **Recovery to Class Members:** If the settlement is approved by the court, the settlement proceeds will be distributed in proportion to number of overtime hours (over 40 per week) worked and his or her salary for each workweek during the period of December 17, 2012 through March 4, 2016. Based upon the records provided by IVIA of the hours you worked and your rate of pay during the Class Period, we estimate that you may be entitled to receive at least [ESTIMATE OF INDIVIDUAL AWARD.] assuming that every class member files a claim. If not every class member files a claim, your individual award (as a pro-rata share of the total recovery) will increase.

IVIA will pay settlement distributions directly to eligible claimants. Fifty percent (50%) of your settlement share will be taxable as wages, and IVIA will make appropriate withholdings from your distribution, in the same manner as a paycheck. An IRS form W-2 will be issued to you for this amount. The remaining fifty-percent (50%) of your settlement share is designated as interest, penalties and liquidated damages, not wages. The remaining amount also will be taxable, but withholdings will not be taken out of this amount. An IRS form 1099-MISC will be issued to you for this amount. Therefore, in order to receive your share of the settlement, you must complete and return the enclosed W-4 form and W-9 form in addition to the claim form. (If you are currently employed by IVIA, you are not required to return the W-4 form unless you need to update your information.) After receiving your distribution, we strongly encourage you to consult with an accountant or tax advisor.

2. **Incentive Award and Attorneys' Fees:** Class Counsel will request that the Court approve an incentive award for Cristina Cardenas for $10,000 as class representative, for bringing the claim and participating and assisting with the litigation and settlement. Class Counsel will also ask the Court to award up to 1/3 of the Settlement Fund ($170,000) for its attorneys' fees and expenses incurred bringing and litigating the case, and administering the settlement. IVIA maintains that a larger share of the Settlement Fund should be paid to the Class Members and therefore does not agree that Class Counsel should be awarded 1/3 of the Settlement Fund ($170,000). IVIA has reserved its right to file an objection to this request. The Court will ultimately determine what portion of the Settlement Fund will be awarded to Class Counsel for attorneys' fees and expenses. If the Court awards less than the amounts requested, your individual award will increase.

3. **Unclaimed Funds:** The combined total of any unclaimed Settlement Fund

amounts and the amounts of the settlement checks that Settlement Class Members fail to cash or negotiate within 120 days of mailing, if any, shall be subject to a second distribution to all individuals who filed claims. Any amount remaining after that shall be paid to then-current IVIA Agents, Floater Agents and Mentor Agents in the State of Illinois as bonuses. No money remaining in the Settlement Fund will revert to or otherwise be paid to IVIA.

C. **WHO IS INCLUDED IN THE SETTLEMENT CLASS:** The following Settlement Class has been conditionally certified by the Court: All persons who (1) worked as Insurance Agents, Mentor Agents and Floater Agents for IVIA in the State of Illinois (2) during any time in the period of time from December 17, 2012 through March 4, 2016, who (3) worked over forty (40) hours per week in any given week for IVIA and (4) were not paid at least one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week.

D. **YOUR LEGAL RIGHTS AND OPTIONS:**

1. **Participate in the Settlement:** In order to receive a payment as a Claimant, you must return a completed and valid claim form, together with completed IRS forms W-4 and W-9, post marked or faxed by **SEPTEMBER 26, 2016**. A copy of the claim form to complete and submit is enclosed. You will be bound by the judgment and bound by the injunction against prosecuting claims against the Defendant and you will release your claims against the Defendant. LATE AND INCOMPLETE CLAIM FORMS WILL NOT BE HONORED.

2. **Do nothing:** **If you do nothing, you will remain a member of the Class, but you will not receive any monetary award and you will give up your rights to sue Illinois Vehicle Insurance Agency, LLC and/or any other released parties under the IMWL, but not under the FLSA.**

3. **Exclude yourself from the settlement:** You have the right to exclude yourself from both the class action and the settlement by filing a written request to opt-out. This is the only option that allows you to pursue your own claims against IVIA and/or other released parties in the future. If you exclude yourself, you will not receive any monies from the settlement. In order to exclude yourself from the settlement, you must send a written request to the Claims Administrator at the address listed below. To be effective, the request for exclusion must include (i) your full name, address and email address, (ii) the statement: "I/we request to be excluded from the settlement in the Cardenas action," and (iii) your signature. No request for exclusion will be valid unless you include ALL of this information. Your request for exclusion must be postmarked on or before **SEPTEMBER 26, 2016** and mailed to the following address:

**For the Claims Administrator:**

Alejandro Caffarelli
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Suite 300
Chicago, Illinois 60604

4. **Object to the settlement:** If you are in the Settlement Class, you can object to the

settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you wish to object, by **SEPTEMBER 26, 2016,** you must do the following: (1) file with the Clerk of the United States District Court for the Northern District of Illinois, and (2) mail to Alejandro Caffarelli at Caffarelli & Associates Ltd., 224 S. Michigan Avenue, Suite 300, Chicago, Illinois 60604 (Class Counsel) and William R. Pokorny, Franczek Radelet, P.C., 300 S. Wacker Drive, Suite 3400, Chicago, Illinois 60606 (counsel for IVIA), a written objection that includes: (a) your full name and address and a statement that "I wish to be excluded from the Cardenas class action settlement," (b) state the grounds for your specific objections, (c) copies of papers, briefs, or other documents upon which the objection is based, and (d) identify any documents you wish the Court to consider. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

If you file an objection, you may also appear at the Final Approval Hearing on November 9, 2016, at 10:00 a.m., at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 1843, at which time the presiding judge in this case (the Hon. Sidney Schenkier) will consider whether to grant final approval of this settlement. If you have filed a written objection, you do not need to appear in person at the final approval hearing in order for the Court to consider the objection. Any Settlement Class Member who intends to appear and object at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or service award.

E. **CLASS COUNSEL:** The Court appointed the following lawyers as Class Counsel to represent you and the other persons in the Settlement Class: Caffarelli & Associates Ltd., 224 S. Michigan Avenue, Suite 300, Chicago, Illinois 60604, (312) 763-6880.

F. **IF COURT APPROVES SETTLEMENT:** If the Court approves the proposed settlement, it will enter a judgment that will order that payments be made from the Settlement Fund to all individuals who filed a claim, and dismiss the Litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against IVIA as follows:

- Class Members who do not exclude themselves from the Settlement will release all wage and hour claims under state, and/or local laws (but not under the FLSA), that arise out of or are related in any way to the payment or lack of payment of overtime wages for any work performed for or on behalf of IVIA from December 17, 2012 to March 4, 2016.

- Class Members who do not exclude themselves from the Settlement will release all claims that arise out of or relate in any way to the administration of the Settlement.

G. **IF COURT DOES NOT APPROVE SETTLEMENT:** If the Court does not approve the

settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in the Settlement, or indeed, anything.

**H. FINAL APPROVAL HEARING:** The Court will hold a final approval hearing on November 9, 2016, at 10:00 a.m., at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 1843, at which time the presiding judge in this case (the Hon. Sidney Schenkier) will consider whether the settlement is fair, reasonable, and adequate. If there are objections that comply with the requirements of Section D(4) above, the Court will also consider them. The Court may also decide how much to pay Class Counsel and Plaintiff. **YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.** The final approval hearing hearing may be continued to a future date without further notice.

**I. ADDITIONAL INFORMATION:** Any questions you or your attorney has concerning this notice or the calculation of your settlement distribution should be directed to Caffarelli & Associates Ltd. by (a) calling Alejandro Caffarelli at (312) 763-6880, (b) sending correspondence to Alejandro Caffarelli at Caffarelli & Associates Ltd., 224 S. Michigan Avenue, Suite 300, Chicago, Illinois 60604, or (c) e-mailing Mr. Caffarelli at acaffarelli@caffarelli.com.

**Please do not contact the Court Clerk, the Judge, or defense counsel; they are not in a position to give you any advice about this settlement.**

Dated: ______________________________

BY ORDER OF THE COURT
Clerk of the Court

***Cardenas v. Illinois Vehicle Insurance Agency, LLC*, U.S.D.C.**
**Northern District of Illinois, Case No. 1:15-cv-11326**

**CLAIM FORM – ESTIMATED MINIMUM CLAIM VALUE: $[INSERT AMOUNT]**

TO: [First Name] [MI] [Last Name]
[Address Line 1]
[Address Line 2]
[City], [State] [Zip]

In order to claim a share of the settlement proceeds from the above-captioned lawsuit, you must complete and return this form to the Claims Administrator at the address, fax number, or email address listed below. Current Illinois Vehicle Insurance Agency employees may also complete and submit this form using the Company's Paycom system. To receive benefits from the settlement, you MUST provide ALL of the information below and you MUST sign this claim form and also complete and sign the attached IRS W-4 and IRS W-9 Forms. (If you are currently employed by IVIA, you are not required to complete the IRS Form W-4 unless you wish to update your information.)

**CLASS MEMBERS WHO DO NOT RETURN THIS FORM POSTMARKED OR TIME STAMPED BY SEPTEMBER 26, 2016 WILL NOT BE ELIGIBLE TO RECEIVE HIS OR HER PORTION OF THE SETTLEMENT FUNDS.**

If submitting this form via mail, fax, or e-mail, you **must** send it to:

Alejandro Caffarelli, Claims Administrator
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Fax: (312) 577-0720 Email: acaffarelli@caffarelli.com

Current Illinois Vehicle Insurance Agency employees may instead complete and submit this form via the Company's Paycom system.

If you have any questions, please call (312) 763-6880 to speak with Alejandro Caffarelli.

**1. Claimant Information:**

☐ **The Name/Address information at the top of this form is current and correct.**
☐ **Please update my name/address information with the following:**

First Name ________ Middle Name ________ Last Name ________

Address (Line 1) ________________________________

Address (Line 2) ________________________________

City ________ State ________ Zip Code ________

**Please provide the following contact information:**

E-mail Address

Telephone Number

**2. Affirmation:**

**TO QUALIFY FOR YOUR SHARE OF THE SETTLEMENT AND RECEIVE YOUR PORTION OF THE SETTLMEENT FUNDS, YOU MUST AGREE TO THE FOLLOWING CONDITIONS BY SIGNING ON THE LINE BELOW:**

I consent and agree to join the above referenced lawsuit for alleged uncompensated overtime wages for work performed at Illinois Vehicle Insurance Agency, LLC during the Class Period.

I hereby agree to be bound by the class action settlement in the above referenced case. I understand that by signing below, I am releasing Illinois Vehicle Insurance Agency, LLC (together with its current and former subsidiaries, business units, equity holders, owners, managers, heirs, executors, administrators, predecessors, representatives, agents, attorneys, officers, directors, shareholders, parents, affiliates, successors and assigns) from all claims that were alleged or could have been alleged in *Cardenas, et al. v. Illinois Vehicle Insurance Agency, LLC*, U.S. Dist. Court, No. 1:15-cv-11326 (N.D. Ill.) ("Lawsuit"), including but not limited to all claims related to unpaid wages arising under the Fair Labor Standards Act and/or Illinois Minimum Wage Law, penalties, interest, damages, including liquidated damages, attorneys' fees and costs, and injunctive and other equitable relief that were asserted or could have been asserted in the Lawsuit related to the allegations contained in Plaintiff's Complaint arising from my employment at any point between December 17, 2012 and March 4, 2016. I certify that I worked more than forty (40) hours ("overtime hours") in at least one individual workweek during the period of December 17, 2012 through March 4, 2016 and was not paid time-and-one-half my regular hourly rate of pay for the overtime hours worked.

I have read the notice that was mailed to me and agree to the full terms of the proposed settlement agreement. I hereby waive my right to object to and/or opt out of the settlement class.

Signature

Name (printed)

Date